# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**FRANK A. KING and PAULA S. ELMORE**
**f/k/a PAULA S. KING,**

      **Plaintiffs,**

**v.**                                **No. CIV-13-0862 JCH/LAM**

**LORETTA E. GILBREATH, PERSONAL**
**REPRESENTATIVE OF THE ESTATE**
**OF NORMAN L. GILBREATH, et al.,**

      **Defendants.**

## ORDER DENYING MOTION FOR PROTECTIVE ORDER [*Doc. 128*] AND GRANTING MOTION TO COMPEL [*Doc. 133*]

      **THIS MATTER** is before the Court on ***Plaintiffs' Motion for Protective Order*** *(Doc. 128)*, filed September 5, 2014, and on ***Defendant Gilbreath Energy LLC's Motion to Compel Plaintiffs to Respond Fully to First Request for Production*** *(Doc. 133)* and memorandum in support thereof [*Doc. 134*] (hereinafter, collectively, "motion to compel"), both filed September 8, 2014.   Because the motions concern similar discovery issues, the Court will address them both in this Order.   Defendant Gilbreath Energy, LLC (hereinafter "Defendant") filed a response to the motion for protective order on September 19, 2014 [*Doc. 139*], and Plaintiffs filed a reply on October 6, 2014 [*Doc. 150*].   Plaintiffs filed a response to the motion to compel on September 19, 2014 [*Doc. 138*], and Defendant filed a reply on October 1, 2014 [*Doc. 145*].   Having considered the motions, responses, replies, record of this case, and relevant law, the Court **FINDS** that each of the motions shall be **GRANTED in part** and **DENIED in part**.

### *I.   Plaintiffs' Motion for Protective Order*

In their complaint, Plaintiffs allege violations of an oil and gas lease, and Plaintiffs assert causes of action for declaratory relief, quiet title, an accounting, breach of the New Mexico Oil and Gas Act, trespass, conversion, breach of fiduciary duty, unjust enrichment, breach of the New Mexico Oil and Gas Proceeds Payment Act, and negligence.   *See* Amended Complaint [*Doc. 75*]. In their motion for protective order, Plaintiffs ask the Court to enter a protective order regarding deposition questions and discovery requests seeking communications between Plaintiffs' son, Frank-Paul King, and Plaintiffs' counsel, as well as communications between Frank-Paul King and Plaintiffs regarding legal advice provided by Plaintiffs' counsel.   [*Doc. 128* at 2].   Plaintiffs contend that at the July 31, 2014, deposition of Frank-Paul King, counsel for Defendant sought to discover these privileged communications.   *Id.* at 2-5 (citing Exhibit A, portions of deposition transcript from Frank-Paul King's deposition).   Plaintiffs also contend that RFP Nos. 1 and 2 improperly seek these privileged communications.   *Id.* at 6 (citing Exhibit E, Plaintiffs' responses to Defendant's discovery requests).   Plaintiffs state that Frank-Paul King is acting as their representative in this case because "it is necessary for Mr. King to communicate with his parents regarding legal advice provided by Plaintiffs' counsel in order for them to understand litigation issues as they arise."   *Id.* at 2.   Plaintiffs further state that they "intended their communications with Frank-Paul King, and Frank-Paul King's communications with their attorneys, to be confidential, and all such communications were made for the purpose of facilitating the providing of legal advice by Plaintiffs' counsel to Plaintiffs."   *Id.* at 6 (citing Exhibits C and D, affidavits of Plaintiffs stating their intention that communications with Frank-Paul King would be confidential).   Plaintiffs contend that these communications are protected by the attorney-client

privilege (*id.* at 7-10) and by the attorney work-product doctrine (*id.* at 10).   Finally, Plaintiffs contend that the privilege log they have provided to Defendant regarding the requested discovery is sufficient, that it would be unduly burdensome to prepare a document-by-document description of all privileged attorney-client communications, and that such detail is unnecessary because of the nature of the documents sought.   *Id.* at 10-12.

In response, Defendant contends that the privilege logs provided by Plaintiffs in response to RFP Nos. 1 and 2 are inadequate because they do not describe the documents with any specificity to enable Defendant or the Court to determine the validity of the privilege asserted. [*Doc. 139* at 5-8].   Defendant further contends that Plaintiffs have not proven that Frank-Paul King is a representative of Plaintiffs, so communications between him and Plaintiffs' counsel, or between him and Plaintiffs regarding Plaintiffs' counsel's legal advice, are not privileged.   *Id.* at 8-11.   Finally, Defendant contends that the work-product doctrine does not apply because Plaintiffs have failed to describe whether any of the documents were prepared at the request or direction of a particular attorney in anticipation of litigation.   *Id.* at 11-13.   Defendant asks the Court to find that the privilege logs are inadequate and that Plaintiffs have waived the right to assert an attorney-client privilege or work-product exception to the production of documents, and to order Frank-Paul King to respond fully to the questions previously asked during his deposition at a subsequent deposition, and that Plaintiffs bear the costs of re-convening Frank-Paul King's deposition.   *Id.* at 13-14.

In reply, Plaintiffs contend that they have shown that the communications involving Frank-Paul King are privileged because Plaintiffs intended their communications with him, and his communications with Plaintiffs' counsel, to be confidential, and that it was necessary for Plaintiffs to rely on Frank-Paul King to facilitate their communications with their counsel.

[*Doc. 150* at 4].   Plaintiffs further note that they signed a letter appointing Frank-Paul King as their representative for the purpose of gathering information leading to this suit.   *Id.* at 5 (citing *Docs. 128-3* and *128-4, Affidavits of Plaintiffs Frank A. King and Paula S. Elmore*, respectively).   Plaintiffs contend that their privilege logs are sufficient because they provide the timeframe, sender, recipient and nature of the documents not produced.   *Id.* at 6-7.   Finally, Plaintiffs contend that they did not waive their objections to the questioning of Frank-Paul King in his deposition.   *Id.* at 8-9.

## *II.   Defendant's Motion to Compel*

In Defendant's motion to compel, Defendant asks the Court to order Plaintiffs to respond fully to RFP Nos. 1, 2 and 4.   [*Doc. 133* at 1].   Defendant contends that Plaintiffs' objections to RFP Nos. 1 and 2 on the basis of attorney-client and work-product privilege should be overruled because they have not established that Frank-Paul King is their representative for purposes of facilitating the provision of legal advice.   [*Doc. 134* at 5-6].   Defendant further contends that Plaintiffs have not properly asserted work-product protection because they failed to state whether the requested communications are ordinary work product or opinion work product.   *Id.* at 7. Finally, with regard to RFP No. 4, Defendant contends that attorney-client privilege does not apply to attorney billing statements and fee agreements.   *Id.* at 7-8.

In response, Plaintiffs maintain that Frank-Paul King is their representative, that their privilege log is sufficient, and that the work-product doctrine applies to the requested documents, setting forth the same reasoning as in their motion for protective order and reply to their motion for protective order.   [*Doc. 138* at 2-4].   Plaintiffs state that in response to RFP No. 4 they produced redacted billing statements disclosing "the addressee, subject matter of representation, dates of services rendered, identity of person rendering services, hours incurred, and amounts billed and

paid."  *Id.* at 4.   Plaintiffs contend that any additional descriptive information is privileged.  *Id.*
at 5-6.   Plaintiffs contend that their fee agreements are also privileged.   *Id.* at 6-7.

In reply, Defendant restates its contentions with regard to Frank-Paul King's status as
Plaintiff's representative and the privilege logs.   [*Doc. 145* at 4-9].   Defendant further contends
that Plaintiffs should produce their billing statements and fee agreements.   *Id.* at 9-10.

### *III.   Analysis*

### *A.   Frank-Paul King's Deposition*

The Court finds that Plaintiffs' motion for a protective order is moot with regard to
Frank-Paul King's deposition because the deposition has concluded.   Plaintiffs bring their motion
under Rule 26(c), pursuant to which, a court "may, for good cause, issue an order to protect a party
or person from annoyance, embarrassment, oppression, or undue burden or expense," including
forbidding inquiry into certain matters.   Fed. R. Civ. P. 26(c)(1)(A).   However, since Frank-Paul
King's deposition has concluded, and because neither party has asserted that Defendant has issued
a subpoena for a second deposition, any need that may have existed to protect Frank-Paul King
from the disputed deposition inquiries is now moot.   The Court notes that in Defendant's response
to the motion for protective order (*Doc. 139* at 14), and in Defendant's reply to its motion to
compel (*Doc. 145* at 11), Defendant asks the Court to allow it to reopen Frank-Paul King's
deposition; however, this request is not properly before the Court because it was not made in a
motion.   *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").
The Court notes that, under Rule 30(d)(3)(A), a deponent or a party may move to terminate or limit
a deposition at any time during a deposition "on the ground that it is being conducted in bad faith
or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."
Under this rule, the objecting deponent or party can demand that the deposition be suspended for

the time necessary to obtain an order.   Fed. R. Civ. P. 30(d)(3)(A).   However, Plaintiffs do not state that they suspended Frank-Paul King's deposition so they could seek a protective order, nor do they bring their motion under Rule 30(d).   Therefore, the Court finds that Plaintiffs' motion for a protective order with regard to Frank-Paul King's concluded deposition should be denied as moot.   If, however, Plaintiffs are seeking a preemptive order of protection to preclude a re-convening of Frank-Paul King's deposition, their request is premature since no subsequent deposition has been noticed for Frank-Paul King.

### *B.   RFP Nos. 1 and 2*

Request for Production No. 1 asks Plaintiffs to produce all communications between Frank-Paul King, Jill Crombie or Gail Bowline and Plaintiffs that relate to or contain any information relating to Plaintiffs' claims and defenses.   [*Doc. 133-1* at 2] and [*Doc. 133-2* at 2]. RFP No. 2 asks for Plaintiffs to produce all communications between Frank-Paul King, Jill Crombie or Gail Bowline and Plaintiffs' counsel that relate to Plaintiffs' claims and defenses. [*Doc. 133-1* at 2-3] and [*Doc. 133-2* at 3].   In response to these RFPs, Plaintiffs objected on the basis that they seek attorney-client privileged communications and attorney work product exempted from discovery, and that they are unduly burdensome.   [*Doc. 133-1* at 2-3] and [*Doc. 133-2* at 2-3].   In response to RFP No. 1, Plaintiffs referred to some documents that had previously been produced, and, in response to both RFP Nos. 1 and 2, Plaintiffs directed Defendant to the attached privilege logs.   [*Doc. 133-1* at 2] and [*Doc. 133-2* at 2-3].   The privilege logs attached to each of Plaintiffs' responses to Defendant's discovery requests state that emails dated between April 4, 2013 and August 26, 2014 between Frank-Paul King, Plaintiffs and Plaintiffs' counsel are privileged on the basis of attorney-client privilege and attorney work product. [*Doc. 133-1* at 5] and [*Doc. 133-2* at 6].

6

### 1.   *Communications Involving Jill Crombie or Gail Bowline*

The parties do not address communications involving Jill Crombie or Gail Bowline that are responsive to RFP Nos. 1 and 2, other than Defendant stating in its motion to compel that "[d]eposition testimony and document disclosures reveal Jill Crumbie and Gail Bowline have provided discoverable information to Plaintiffs relating to the claims and defenses in this lawsuit." [*Doc. 133* at 2].   Plaintiffs do not contend in either their motion for protective order (*Doc. 128*) or in response to Defendant's motion to compel (*Doc. 138*) that the requested information from Jill Crumbie or Gail Bowline is privileged.   Therefore, the Court finds that Defendant's motion to compel with regard to communications involving these two individuals should be granted, and, Plaintiffs shall provide within ten (10) days of entry of this order any documents that are responsive documents to RFP Nos. 1 and 2 regarding Jill Crumbie or Gail Bowline.

### 2.   *Law Regarding Attorney-Client Privilege and Attorney Work-Product Doctrine*

Fed. R. Civ. P. 26(b)(1) permits the discovery of any matter that is relevant to any party's claim or defense, and is not privileged, and is at least reasonably calculated to lead to the discovery of admissible evidence.   While the scope of discovery should be broadly and liberally construed (*see Hickman v. Taylor*, 329 U.S. 495, 507 (1947)), privileged matters are not subject to Rule 26's broad discovery requirement (*see id.* at 508).   Pursuant to Rule 501 of the Federal Rules of Evidence, state law supplies the rules concerning attorney-client privilege in diversity cases.   S*ee* Fed. R. Evid. 501 (stating that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision"); *Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 699 (10th Cir.1998 ) ("Rule 501 of the Federal Rules of Evidence provides that state law supplies the rule of decision on privilege in diversity cases.").   "The attorney-client privilege in New Mexico is expressly provided for and governed by New

Mexico's Rules of Evidence." *Allen v. LeMaster*, 2012-NMSC-001, ¶ 33, 267 P.3d 806 (citing Rule 11–503 and *Pub. Serv. Co. of N.M. v. Lyons*, 2000-NMCA-077, ¶¶ 11–13, 10 P.3d 166)).

Under New Mexico law, "a communication is 'confidential' if made privately and not intended for further disclosure except to other persons in furtherance of the purpose of the communication." Rule 11-503(A)(4). In addition, "[a] client has a privilege to disclose, and to prevent any other person from disclosing, a confidential communication made for the purpose of facilitating or providing professional legal services to that client." Rule 11-503(B); *see also Santa Fe Pac. Gold Corp. v. United Nuclear Corp.*, 2007-NMCA-133, ¶ 13, 175 P.3d 309 ("A client may claim attorney-client privilege to refuse to disclose confidential communications between certain persons if the communications were made for the purpose of acquiring legal advice for the client.") (citation omitted). "The party claiming privilege has the burden of establishing that a communication is protected as an exception to the ordinary rule." *Id.* (citation omitted). In addition, while a privilege regarding attorney-client confidential communications or work-product protection may be waived if the material sought to be protected was revealed to third parties outside of the attorney-client relationship (Rule 11-511 N.M.R.A.), "[t]o support a finding of waiver, New Mexico requires an offensive or direct use of privileged materials" (*Santa Fe Pac. Gold Corp.*, 2007-NMCA-133, ¶ 31).

In diversity cases, Rule 26(b)(3) governs work-product issues. *See Frontier Refining, Inc.*, 136 F.3d at 702 n.10. Rule 26(b)(3) provides that "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." These materials may be discovered only if they are otherwise discoverable under Rule 26(b)(1), and "the party shows that it has substantial need for the materials to prepare its case

and cannot, without undue hardship, obtain their substantial equivalent by other means."
Fed. R. Civ. P. 26(b)(3)(A)(i)-(ii).   In ordering discovery of such materials when the required
showing has been made, the court "must protect against disclosure of the mental impressions,
conclusions, opinions, or legal theories of a party's attorney or other representative concerning the
litigation."   Fed. R. Civ. P. 26(b)(3)(B).   While the work-product doctrine protects against
disclosure of documents and other tangible things prepared in anticipation of litigation and for
trial, as well as the attorney's strategies and legal impressions, it does not protect facts contained
within the work product.   S*ee Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266
(10th Cir. 1995).   The party asserting the work-product protection has the burden of
demonstrating that it applies and that it has not been waived, and "[a] mere allegation that the work
product doctrine applies is insufficient" to meet that burden.   *Id.* (citation omitted).

### 3.   *Communications Involving Frank-Paul King*

Plaintiffs contend that communications responsive to RFP Nos. 1 and 2 involving
Frank-Paul King are privileged because they were made for the purpose of facilitating or providing
professional legal services to Plaintiffs.   *See* [*Doc. 128* at 6-7].   The Court finds that this
assertion complies with New Mexico law that a client may prevent disclosure of a communication
that was made for the purpose of facilitating or providing legal advice.   *See* Rule 11-503(A)(4);
*see also* Restatement (Third) of The Law Governing Lawyers § 70(f) (explaining that "[a] person
is a confidential agent for communication if the person's participation is reasonably necessary to
facilitate the client's communication with a lawyer or another privileged person and if the client
reasonably believes that the person will hold the communication in confidence").   Defendant
contends that the communications involving Frank-Paul King are not privileged because
Frank-Paul King is not an attorney and because Plaintiffs do not explain why there is a

communication barrier between them and their attorney such that Frank-Paul King's involvement is necessary.  *See* [*Doc. 134* at 4-5] and [*Doc. 139* at 3].   However, Defendant fails to cite to any controlling New Mexico law that requires such a showing on the part of Plaintiffs.   Defendant also fails to show that Plaintiffs have waived any privilege involving Frank-Paul King's confidential communications with Plaintiffs and Plaintiffs' counsel.   Plaintiffs have demonstrated that they intended that Frank-Paul King act as their representative in this proceeding, and that they rely on him to facilitate the provision of legal advice to them.  *See* [*Docs. 128-3* and *128-4*] (Plaintiffs' affidavits regarding their understanding of Frank-Paul Kings' role in this case).   In addition, Plaintiffs have shown that their attorney often involves Frank-Paul King to communicate with Plaintiffs regarding their legal representation.  *See* [*Doc. 138-1*] (affidavit of Plaintiffs' counsel).   For these reasons, the Court finds that confidential communications involving Frank-Paul King, Plaintiffs, and Plaintiffs' counsel, are privileged under New Mexico law if they were made for the purpose of facilitating or providing professional legal services to Plaintiffs. The Court will, therefore, grant Plaintiffs' motion for protective order and deny Defendant's motion to compel with respect to these confidential communications in response to RFP Nos. 1 and 2.   Because the Court has determined that these communications are protected by attorney-client privilege, the Court finds that it is unnecessary to determine whether they are also protected under the work-product doctrine or are unduly burdensome.

### 4.  *Plaintiffs' Privilege Logs*

Defendants contend that Plaintiffs' privilege logs are inadequate because they do not identify specific e-mails that have been withheld or the dates of each withheld e-mail, and they do not identify whether the e-mails were transmitted to multiple recipients or identify the subject matter of the e-mails.  [*Doc. 139* at 8].   In addition, Defendant contends that Plaintiffs fail to

state in the privilege logs whether the documents were prepared at the request or direction of a particular attorney or in anticipation of litigation. [*Doc. 134* at 7] and [*Doc. 139* at 12]. Defendant further contends that Plaintiffs have waived their right to assert a privilege as to the requested documents based on their failure to provide adequate privilege logs. [*Doc. 134* at 7] and [*Doc. 139* at 8]. In response to this contention, Plaintiffs state that their privilege logs are sufficient, that it would be unduly burdensome to prepare a document-by-document description of all privileged attorney-client communications, and that such detail is unnecessary because of the nature of the documents sought. *See* [*Doc. 138* at 3]; *see also* [*Doc. 128* at 10-12].

Federal Rule of Civil Procedure 26(b)(5)(A) provides that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed - and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." A "party who withholds discovery materials must provide sufficient information, usually in the form of a privilege log, to enable the other party to evaluate the applicability of the privilege or protection." *See White v. Graceland Coll. Ctr. for Professional Development & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1266 (D. Kan. 2008) (citation omitted). Failure to follow this rule "may result in waiver of the attorney-client privilege and/or work-product protection." *Id.* (citation omitted). However, "[a]cknowledging the harshness of a waiver sanction, . . . courts have reserved such a penalty for only those cases where the offending party committed unjustified delay in responding to discovery, and [m]inor procedural violations, good faith attempts at compliance and other such mitigating circumstances bear against finding waiver." *Id.* (citations and footnotes omitted).

Because the Court has determined that Plaintiffs may claim attorney-client privilege to refuse to disclose confidential communications involving Frank-Paul King and Plaintiffs or Plaintiffs' counsel, those confidential communications do not have to be described in any sort of detail on a privilege log because they are, by nature, privileged.   Rule 26(b)(5)(A) only requires a party to describe on a privilege log information that will enable other parties to assess the claim of privilege.   Therefore, Plaintiffs' privilege log, which states that communications between Frank-Paul King, Plaintiffs and Plaintiffs' counsel are privileged on the basis of attorney-client privilege, is sufficient to the extent those communications were made privately, were not intended for further disclosure, and were made for the purpose of facilitating or providing professional legal services to Plaintiffs.   *See* Rule 11-503(A)(4) and (B).   To the extent Plaintiffs are withholding any communications that do not fall within the definition of a confidential communication -- for example if there is a communication that was copied to a third party, or a communication that did not involve Plaintiffs' legal issues in this case -- then Plaintiffs should supplement their privilege logs to state why they maintain that those communications still are privileged.   Therefore, the Court will require Plaintiffs, within ten (10) days of entry of this order, to either: (1) notify Defendant that all of the withheld communications in their privilege logs fall within the definition of a confidential communication as defined in this order; or (2) supplement their privilege logs with regard to any communications that do not fall within that definition.   Any supplemental privilege log shall include sufficient information regarding why any withheld communications are privileged under the attorney-client privilege or the work-product doctrine so that Defendant can assess the claim of privilege.   These logs must provide information sufficient to determine whether the e-mails included other recipients, which could constitute waiver of the attorney-client privilege, or whether they were prepared in anticipation of litigation, so that they would constitute

12

work product.   Furthermore, any supplemental privilege logs must comply with Rule 26(b)(5)(A) such that they allow Defendant to assess Plaintiffs' claims of privilege.   Plaintiffs' claim that it would be unduly burdensome to list each communication is without merit because Plaintiffs can group similar e-mails into categories and provide the necessary information by group of e-mails in order to allow Defendant to assess whether they are privileged, without having to list each individual e-mail.

### *C.   RFP No. 4*

Request for Production No. 4 asks for all fee agreements, contracts, legal bills, statements and invoices which Plaintiffs have received from their counsel regarding their legal representation in this case.   [*Doc. 133-1* at 4] and [*Doc. 133-2* at 4].   In response to this RFP, Plaintiffs objected on the basis that it seeks attorney-client privileged communications and attorney work product exempted from discovery, and stated that they would produce redacted copies of billing statements in response to the RFP.   *Id.*   In Defendant's motion to compel, Defendant contends that attorney-client privilege does not apply to attorney billing statements and fee agreements. [*Doc. 134* at 7-8].   In response to the motion to compel, Plaintiffs state that the redacted billing statements they produced, which disclosed the addressee, subject matter of representation, dates of services rendered, identity of person rendering services, hours incurred, and amounts billed and paid, are sufficient, and that any additional descriptive information is privileged.   [*Doc. 138* at 4-6].   Plaintiffs further contend that Defendant has not shown how the requested information is relevant.   *Id.* at 6.   In reply to the motion to compel, Defendant contends that the attorney fee agreements and billing statements are not privileged and should be produced.   [*Doc. 145* at 10].

The Court finds that Defendant's request for all fee agreements, contracts, legal bills, statements and invoices Plaintiffs have received from their counsel regarding their legal

representation in this case exceeds the scope of discovery.   As stated *supra*, Fed. R. Civ. P. 26(b)(1) permits the discovery of any matter that is <u>relevant to any party's claim or defense</u>, is not privileged, and is at least reasonably calculated to lead to the discovery of admissible evidence.   Here, Defendant fails to state why it is requesting this information or how it is relevant to any party's claim or defense.   Moreover, the cases relied on by Defendant in support of its motion to compel (*see Doc. 134* at 8) are not persuasive.   In *Schein v. Northern Rio Arriba Elec. Cooperative, Inc.*, 1997-NMSC-011, ¶¶ 10-12, 932 P.2d 490, the New Mexico Supreme Court allowed a member of a not-for-profit corporation organized as a rural electric cooperative to access the legal billing records of the corporation, citing state statutes which allow such access absent a showing of improper purpose.   In *In re Grand Jury Subpoenas*, 906 F.2d 1485, 1487-1489 (10th Cir. 1990), the Tenth Circuit allowed access to attorney fee information in a case where the grand jury had subpoenaed that information in relation to an investigation into illegal drug activity.   While the courts in each of these cases found that the attorneys' billing information was not subject to attorney-client privilege, the legal information sought in those cases was obviously relevant to the claims at issue.   In contrast, here, Defendant has not made any showing that the legal information it seeks is relevant to the parties' claims or defenses.   The Court finds that Plaintiff's production of redacted billing statements which disclose the addressee, subject matter of representation, date of services rendered, identity of person rendering services, hours incurred, and amounts billed and paid, is sufficient to respond to RFP No. 4.   The Court will deny Defendant's motion to compel any additional information in response to this RFP because Defendant has failed to make a showing that the additional information is relevant to the claims or defenses in this case.

14

Because the Court has granted each party's motion in part and denied each motion in part, the Court finds no grounds to award sanctions or fees to either party.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that ***Plaintiffs' Motion for Protective Order*** *(Doc. 128)* and ***Defendant Gilbreath Energy LLC's Motion to Compel Plaintiffs to Respond Fully to First Request for Production*** *(Doc. 133)* are each **GRANTED in part** and **DENIED in part** as follows:

1.      Plaintiffs' motion for protective order is **DENIED as moot** as to Frank-Paul King's concluded deposition.

2.      Defendant's motion to compel is **GRANTED** with regard to RFP Nos. 1 and 2 involving communications to or from Jill Crumbie and Gail Bowline, and **within ten (10) days of entry of this order** Plaintiffs shall supplement their responses to RFP Nos. 1 and 2 regarding communications involving Jill Crumbie or Gail Bowline.

3.      Plaintiff's motion for protective order is **GRANTED** and Defendant's motion to compel is **DENIED** as to RFP Nos. 1 and 2 involving confidential communications between Frank-Paul King, Plaintiffs, and Plaintiffs' counsel, that were made for the purpose of facilitating or providing professional legal services to Plaintiffs.

4.      **Within ten (10) days of entry of this order**, Plaintiffs shall either: (1) notify Defendant that all of the withheld communications in their privilege logs fall within the definition of a confidential communication as defined in this order; or (2) supplement their privilege logs with regard to any communications that do not fall within that definition, as set forth herein.

5.      Defendant's motion to compel is **DENIED** as to RFP No. 4.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**