IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FRANK A. KING and PAULA S. ELMORE**
**f/k/a PAULA S. KING,**

    **Plaintiffs,**

v.                                                              No. CIV-13-0862 JCH/LAM

**LORETTA E. GILBREATH, PERSONAL**
**REPRESENTATIVE OF THE ESTATE**
**OF NORMAN L. GILBREATH, et al.,**

    **Defendants.**

**ORDER GRANTING IN PART AND DENYING IN PART**
**PLAINTIFFS' MOTIONS TO COMPEL [*Docs. 163* and *165*]**

**THIS MATTER** is before the Court on *Plaintiffs' Motion to Compel Discovery Responses Against Defendant Gilbreath Energy, LLC (Doc. 163)* and *Plaintiffs' Motion to Compel Discovery Responses Against Defendant Loretta E. Gilbreath, Personal Representative of the Estate of Norman L[.] Gilbreath and Loretta E. Gilbreath (Doc. 165)*, both filed October 24, 2014. Defendants Gilbreath Energy LLC, Loretta E. Gilbreath, Personal Representative of the Estate of Norman L. Gilbreath, and Loretta E. Gilbreath (hereinafter "Defendants") filed a consolidated response to the two motions to compel on November 6, 2014 [*Doc. 176*], and Plaintiffs filed a consolidated reply on November 20, 2014 [*Doc. 210*]. Because the two motions address many identical discovery requests, the Court will consider the two motions together in this order. Having considered the motions, response, reply, record of this case, and relevant law, the Court **FINDS** that the motions shall be **GRANTED in part** and **DENIED in part**.

In their amended complaint, Plaintiffs allege violations of an oil and gas lease, and Plaintiffs assert causes of action for declaratory relief, quiet title, an accounting, breach of the New Mexico Oil and Gas Act, trespass, conversion, breach of fiduciary duty, unjust enrichment, breach of the New Mexico Oil and Gas Proceeds Payment Act, and negligence.  *See* Amended Complaint [*Doc. 75*].  In their motions to compel, Plaintiffs ask the Court to compel Defendants to respond fully to numerous Requests for Production ("RFPs") regarding the depositing of money from proceeds from oil and gas wells in which Plaintiffs claim they own an interest, and regarding Defendants' claim of adverse possession of Plaintiffs' minerals.  *See* [*Doc. 163* at 1-2] and [*Doc. 165* at 1-2].

### *1.  RFP No. 12 (Doc. 163)*

This request asks for: "All documents regarding the suspense account Gilbreath Energy, LLC maintains under the name of Frank A. King or Plaintiffs, including documents showing where (financial institution, account name and number) the funds attributable to the suspense account are maintained."  [*Doc. 163* at 2 and Exhibit A at 11].  Defendant Gilbreath Energy stated in response to the request that it has no documents responsive to the request "under the name of Frank A. King or Plaintiffs," and then referred to documents produced by Loretta Gilbreath in response to RFP. No. 19 and stated that it was not waiving the objection.  *Id.*  In their motion to compel, Plaintiffs state that, since there is no specific objection made to this request, it is unclear whether documents responsive to the request are being withheld by Defendant Gilbreath Energy. [*Doc. 163* at 2].  Plaintiffs also state that previously produced documents showed a suspense account allocating funds under the name of Frank A. King.  *Id.* at 3.  Plaintiffs state that the information is relevant to Plaintiffs' claims regarding how proceeds from the oil and gas wells are maintained.  *Id.*

In response, Defendant Gilbreath Energy states that Plaintiffs and other Defendants have already been provided with written accountings for the suspended funds, and that "Defendants do not have any other documents showing accounts at financial institutions with Plaintiffs' names on them." [*Doc. 176* at 9-10]. Defendant Gilbreath Energy further states that it will be filing a motion to interplead the suspended funds, and that "[t]he interpleading of these suspended funds will make any further response to satisfy [RFP] No. 12 unnecessary." *Id.* at 10. Defendant Gilbreath Energy then states that Plaintiffs' request is not relevant to any claims or defenses because Plaintiffs have not alleged any violations of any duties or statutes relating to the administration of suspense funds. *Id.*

In reply, Plaintiffs state that Defendant Gilbreath Energy admits to holding money payable to Plaintiffs based on a lease royalty interest, but have failed and refused to provide any information concerning where the funds are actually held. [*Doc. 210* at 6]. Plaintiffs maintain that this information is relevant to Plaintiffs' claims regarding Defendants' failure to pay proceeds to Plaintiffs. *Id.* at 6-7.

Fed. R. Civ. P. 26(b)(1) permits the discovery of any non-privileged matter that is relevant to any party's claim or defense, and is at least reasonably calculated to lead to the discovery of admissible evidence. The scope of discovery should be broadly and liberally construed. *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The Court finds that the information requested in RFP No. 12 in Document 163 is relevant to Plaintiffs' claims regarding the payment and accounting of funds relating to the oil and gas wells at issue in this case. Defendant Gilbreath's statement that Plaintiffs and other Defendants have already been provided with written accountings for the suspended funds, and that Defendants do not have any other documents showing accounts at financial institutions with Plaintiffs' names on them (*Doc. 176* at 9-10)

3

contradicts Plaintiffs' contention that Defendants have failed and refused to provide any information concerning where the funds are actually held (*Doc. 210* at 6).  While Defendants may have provided written accountings for the suspense accounts, they do not state that they have provided the information requested in RFP No. 12, which is the name of the financial institution and the account name and number of the suspense account.  *See* [*Doc. 163*, Exhibit A at 11].  Defendant Gilbreath Energy's statement that it will be filing a motion to interplead the suspended funds, and that "[t]he interpleading of these suspended funds will make any further response to satisfy [RFP] No. 12 unnecessary," does not negate the relevance of the request nor the requirement of complying with the Court's rules of disclosure in this lawsuit.  Therefore, the Court will grant Plaintiffs' motion regarding RFP No. 12 in Document 163.

### 2. *RFP No. 12 (Document 165)*

This request asks for all inventories and accountings of assets held by the Estate of Norman L. Gilbreath, deceased.  [*Doc. 165* at 2 and Exhibit A at 11].  Defendant Loretta Gilbreath, as the personal representative of the Estate of Norman Gilbreath, objected to the request stating that it is overly broad and seeks confidential financial information that is not relevant to the claims and defenses in this case.  [*Doc. 165*, Exhibit A at 11].  She further states that "no such documents exist at this time," and that she will supplement the response as documents become available.  *Id.* In Plaintiffs' motion to compel, they state that the information is relevant because Norman Gilbreath received production proceeds from the Flora Vista Wells and was responsible for paying revenues to Plaintiffs but did not do so, and that his widow, Loretta Gilbreath, and the corporate representative for Gilbreath Energy, LLC (Kathy Belcher, daughter of the Gilbreaths), stated in their depositions that they were unable to provide much information regarding Norman

4

Gilbreath's oil and gas properties.  *See* [*Doc. 165* at 2-3].  Plaintiffs further state that the information is relevant to the issue of punitive damages, which they seek in this case.  *Id.* at 3.

In response, Defendant Loretta Gilbreath, states that no written inventories and accountings of assets held for the Estate have been prepared "at the present time."  [*Doc. 176* at 15].  She states that the probate of the Estate is a separate state court proceeding and that inventories and accountings will be done pursuant to the New Mexico Probate Code, and that Plaintiffs have entered appearances in the probate proceedings and have access to those proceedings.  *Id.*  Plaintiff further states that the Estate of Norman Gilbreath does not own any interests in various wells and the oil and gas leases, including "Plaintiffs' 1972 Oil and Gas Lease," and that the inventories and accountings of the Estate will not include those wells or oil and gas leases.  *Id.* at 16.

In reply, Plaintiffs state that it appears that Defendants maintain their objections to this request, and Plaintiffs restate their reasons why they think that the information is relevant.  [*Doc. 210* at 7].  It is unclear from Defendant Loretta Gilbreath's objection to the request and her response to the motion to compel whether she is maintaining her objections to the request, or if she intends to respond to this request when the information becomes available in the state court probate proceeding.  The Court finds that the information is relevant to Plaintiffs' claims regarding the accounting of the wells and oil and gas leases by Norman L. Gilbreath and to Plaintiffs' claim for punitive damages.  The Court further finds that Defendant Gilbreath's conclusive statement that the request is overly broad is overruled because it is not accompanied with specific reasons or evidence as to why the request is overly broad.  *See Oleson v. K-mart Corp.*, 175 F.R.D. 570, 571 (D.Kan. 1997) ("The objecting party has the burden to substantiate its objections. . . . The objecting party must specifically show how each discovery request is overly

broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden") (citations omitted). Defendant Gilbreath's objection to the request because it contains confidential financial information is without merit because the parties have entered into a confidentiality order in this case. *See* [*Doc. 70*]. Therefore, the Court will grant Plaintiffs' motion as to this request and Defendants shall produce information responsive to the request as it becomes available.

### 3.  RFP Nos. 13 (Documents 163 and 165)

These requests ask for all documents reflecting the transfer of money from Gilbreath Energy, LLC to the Trust identified in the Will of Norman L. Gilbreath. [*Doc. 163* at 3 and Exhibit A at 11-12] and [*Doc. 165* at 3 and Exhibit A at 12]. Defendants objected to the requests, stating that they are "overly broad and seek[] confidential financial information that is not relevant to the claims and defenses in this case." [*Doc. 163*, Exhibit A at 12] and [*Doc. 165*, Exhibit A at 12]. In their response to the motions to compel, Defendants state that the Trust identified in the Will of Norman L. Gilbreath is not a party Defendant in this case, so these requests do "not comply with the Federal Rules of Civil Procedure, e.g., issuance of a subpoena to the Trust." [*Doc. 176* at 10]. Defendants next state that Plaintiffs and the other Defendants have been provided with written accountings for the suspended funds and that Ms. Gilbreath has submitted corrections to her deposition clarifying that no suspense funds were transferred to any Trust. *Id.* at 11. Defendants further state that they will be filing a motion to interplead the suspended funds which will make any further response to this request unnecessary.

The Court finds that Defendants' objections to these requests for production should be overruled. Defendants' unsupported assertion that the requests do not comply with the Federal Rules of Civil Procedure is without merit because the requests for production were served on

named party-defendants in this case, not to the Trust identified in the Will. Rule 34(a)(1) provides for the production of documents and information within the responding party's possession, custody, or control, and Defendants do not contend that these documents are not within their possession, custody or control. Moreover, documents relating to the transfer of money from Gilbreath Energy, LLC to the Trust are relevant to Plaintiffs' claims for an accounting, conversion, breach of fiduciary duty, unjust enrichment, and under the Oil and Gas Proceeds Payment Act. *See* [*Doc. 75* at 8, 10-12]. Even if Defendants have provided an accounting for the suspended funds, Plaintiffs contend that they are owed a greater amount than what is being held as suspended funds, so the documents requested here are still relevant. *See* [*Doc. 163* at 4]. Defendants' statement that they may file a motion to interplead the suspense funds does not negate the relevance of the information sought in these requests. Finally, Defendants' objections that the requests are overly broad and seek confidential financial information fail to state how they are overly broad or how the confidentiality order in this case would not protect the information that is being sought. The Court, therefore, will grant Plaintiffs' motions to compel as to these requests.

### 4. RFP No. 14 (Doc. 163)

This request asks for all documents reflecting the transfer of money from funds held in suspense attributable to two of the wells at issue to any other person or entity. [*Doc. 163* at 4 and Exhibit A at 12]. Defendants objected stating the request is overly broad and asks for confidential financial information that is irrelevant. In response to Plaintiffs' motion to compel, Defendant Gilbreath Energy states that, in addition to the objections they made in response to the request, the request is "annoying, oppressive, and imposes undue burdens, liabilities and expenses on Defendants Gilbreath, potentially from non-parties to the above-styled action." [*Doc. 176* at 11-12]. The Court finds that Defendant Gilbreath Energy's objections should be overruled.

First, Defendant Gilbreath Energy does not state how or why the request is overly broad, it does not state why the confidentiality order will not address the confidential nature of the information that is sought, and its additional objections made in response to the motion to compel have been waived because they were not made in objection to the request.  *See* Fed. R. Civ. P. 34(b)(2) (explaining that responses to discovery requests are due within 30 days of the requests) and *Herrmann v. Rain Link, Inc.*, No. 11-1123-RDR, 2012 WL 1207232, at *11 (D. Kan. April 11, 2012) (unpublished) (finding that, because defendants failed to initially raise the objections in response to the discovery requests, the objections were waived).  Even considering these new objections, the Court overrules them as being unsupported in any way.  *See Herrmann* at *11.  Second, the Court finds that the information sought in the request is relevant to Plaintiffs' claims for an accounting, conversion, breach of fiduciary duty, unjust enrichment, and under the Oil and Gas Proceeds Payment Act.  *See* [*Doc. 75* at 8, 10-12].  Therefore, the Court will grant Plaintiffs' motion to compel as to this request.

### 5.  RFP No. 15 (Doc. 163) and RFP No. 16 (Doc. 165)

These requests ask for the Trust agreement between Norman L. Gilbreath and Loretta E. Gilbreath and all amendments and schedules thereto.  [*Doc. 163* at 5 and Exhibit A at 12] and [*Doc. 165* at 5 and Exhibit A at 12].  Plaintiffs state that they were provided a copy of the Trust, but not the schedules referenced in the Trust.  [*Doc. 163* at 5-6] and [*Doc. 165* at 5].  In response to the motions to compel, Defendants state that the Trust established in the Trust agreement executed in February 2006 is not a party-defendant in this case so these requests do not comply with the Federal Rules of Civil Procedure regarding issuing a subpoena to a Trust.  [*Doc. 176* at 12].  In reply, Plaintiffs state that this information is in the possession, custody, and control of Defendants, who administer the Trust, and that Plaintiffs are not required to separately subpoena

the Trust in order to obtain this information.  [*Doc. 210* at 11].   The Court agrees with Plaintiffs.  Defendants present no support for their contention that they do not have to fully respond to these requests because the Trust itself is not a party to this case.   Defendants do not state that they do not have possession, custody or control of the information.   Moreover, Defendants did not raise this objection when it initially responded to the document requests by producing the Trust (but not the schedules) and, therefore, the objection has been waived.  *See* [*Doc. 163*, Exhibit A at 12] and [*Doc. 165*, Exhibit A at 12].   Therefore, the Court will grant Plaintiff's motions as to these requests and require Defendants to produce all amendments and schedules to the Trust as requested.

### 6.   RFP No. 16 (Doc. 163) and RFP No. 17 (Doc. 165)

These requests ask for all documents reflecting the funding of the Trust identified in the Will of Norman. L. Gilbreath, and the source of such funding.   [*Doc. 163* at 6 and Exhibit A at 12] and [*Doc. 165* at 5 and Exhibit A at 13].   Defendants objected stating that the request seeks irrelevant information and is overly broad and seeks confidential financial information.  *Id.*  In response to the motions to compel, Defendants raise the same objections that the Court has already rejected *supra*, *i.e.*, that the Trust is not a party-defendant in this case, that the parties have already been provided with written accountings of the suspended funds, and that Defendants will be filing a motion to interplead the suspended funds.  *See* [*Doc. 176* at 12-13].   The Court finds that these objections should be overruled for the same reasons stated *supra*, and the Court will grant Plaintiffs' motions to compel as to these requests.

### 7.   RFP No. 18 (Doc. 163) and RFP No. 14 (Doc. 165)

These requests ask for "[a]ll correspondence with and reports generated by Mankin Land Company, LLC regarding wells operated or lands owned by Gilbreath Energy, LLC or Norman

and Loretta Gilbreath." [*Doc. 163* at 6 and Exhibit A at 13] and [*Doc. 165* at 4 and Exhibit A at 12]. Defendants objected to the requests stating that the requests are overly broad and ask for information that is not relevant, and then stated, "Without waiving said objection, Defendant has no documents responsive to this request." [*Doc. 163*, Exhibit A at 13] and [*Doc. 165*, Exhibit A at 12]. In their motions to compel, Plaintiffs state that Kathy Belcher, Defendant Loretta Gilbreath's daughter, testified in her deposition that Mankin is investigating the status and title of the wells and leases operated by Defendants. [*Doc. 163* at 6-7] and [*Doc. 165* at 4-5]. In response to Plaintiffs' motions to compel, Defendants state: "There are no correspondence or reports generated between Mankin Land Company, LLC and Gilbreath Energy, LLC, Norman and Loretta Gilbreath pertaining to the Wright #1 Well, the Flora Vista #19-2 Well, the Flora Vista #19-3 Well, and the oil and gas leases committed to such Wells." [*Doc. 176* at 13]. Defendants further state that the requests are overly broad, ambiguous, vague and not relevant to the claims made by Plaintiffs in this lawsuit. *Id.* In reply, Plaintiffs contend that the documents are relevant because Defendants' operational and administrative abilities are at issue in this case, as well as how they maintain and administer their leasehold interests in the subject minerals, and that it "defies logic" that, after hiring Mankin Land Company "to investigate the status and title of the wells and leases," there is no documentation regarding the information sought in these requests. [*Doc. 210* at 9].

    The Court finds that Defendants' contention that there are no responsive documents regarding the three named wells does not fully address the discovery requests because these requests are not limited to the three wells. Instead, Defendants' response to the motions to compel indicates that there may be correspondence or reports from Mankin regarding other wells operated by or lands owned by the Gilbreath Defendants. Discovery is permitted under Rule 26 if

10

the information is relevant to any party's claim or defense and if it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court finds that Plaintiffs' request for correspondence and reports regarding the wells and lands owned and operated by Defendants is reasonably related to Plaintiffs' claims that Defendants failed to adequately account for all revenues generated by the three wells because it could lead to the discovery of admissible evidence relating to how Defendants operate and administer their leasehold interests. Therefore, the Court will grant Plaintiffs' motions as to these requests and require Defendants to produce all responsive documents.

### 8.   *RFP No. 19 (Doc. 163)*

This request asks Defendant Gilbreath Energy, LLC to produce "[d]ocuments sufficient to show your current financial condition." [*Doc. 163* at 7 and Exhibit A at 13]. Defendants objected stating the request was not relevant and was beyond the scope of discovery, and on the basis of confidentiality and relevance. [*Doc. 163*, Exhibit A at 13]. Defendants cited to cases stating that this request implicates a person's constitutional right to privacy, that Plaintiffs have no compelling reason to receive this information, and that the request is overly broad, intrusive and irrelevant. *Id.* at 13-14. In their motion to compel, Plaintiffs state that this information is relevant to Plaintiff's punitive damages claim. [*Doc. 163* at 7]. In response, to the motion to compel, Defendants state that the information might be relevant if there was a final money judgment in favor of Plaintiffs against Defendant Gilbreath Energy, LLC, and that they have "rights to confidentiality to their private financial records such as tax returns, financial statements, and the like." [*Doc. 176* at 14]. The Court finds that Defendants' objection to this discovery request should be overruled. Defendants provide no support for their contention that Plaintiffs must have a final money judgment prior to obtaining discovery of Defendants' financial

information, and other cases indicate that no such showing is required.  *See Pedroza v. Lomas Auto Mall, Inc. v. Independent Auto Dealers Svc. Corp., Ltd.*, No. CIV 07-0591 JB/RHS, 2008 WL 4821457, *2 (D.N.M. July 10, 2008) (unpublished) ("The Court follows the majority of state and federal courts, and permits discovery of a defendant's net worth without requiring the plaintiff to establish a prima-facie case for punitive damages."), and *CEH, Inc. v. FV "Seafarer,"* 153 F.R.D. 491, 498-99 (D.R.I. 1994) (holding "that plaintiffs need not establish a *prima facie* case on the issue of punitive damages before they can obtain pretrial discovery of defendants' financial information," explaining that "[t]o require a *prima facie* showing of entitlement to punitive damages before the completion of discovery would be to ignore one purpose of discovery -- to locate evidence to support a claim before trial") (citations omitted).   While a party's punitive damages claim must not be spurious in order for it to discover a party's financial condition (see *Pedroza*, 2008 WL 4821457 at *2), there is no evidence before the Court that Plaintiffs' punitive damages claim is spurious.  As for Defendants' objection that the information is confidential, again, this is addressed by the parties' confidentiality order.  The Court, therefore, finds that Defendants objections to this request are without merit and will grant Plaintiffs' motion as to this request.

### 9.  RFP No. 20 (Doc. 163) and RFP No. 19 (Doc. 165)

These requests ask for all documents reflecting Defendants' "operations of the Wright #1 Well, including, but not limited to, daily reports, production reports and pumper's reports." [*Doc. 163* at 7 and Exhibit A at 14] and [*Doc. 165* at 7 and Exhibit A at 14].   Defendants objected stating that the request was overly broad, vague, ambiguous, and unduly burdensome, and then, after stating that they are not waiving the objections, referred to documents that had previously been produced by Loretta Gilbreath.   [*Do. 163*, Exhibit A at 14] and [*Doc. 165*, Exhibit A at 14].

In their motions to compel, Plaintiffs state that Defendants' objections should be overruled because Norman Gilbreath's operations of the Wright #1 Well are relevant to the claims and defenses in this case, and Plaintiffs ask the Court to order Defendants to produce all responsive documents. [*Doc. 163* at 7-8] and [*Doc. 165* at 7]. In response to the motions to compel, Defendants state they have produced hundreds of pages of documents that are responsive to these requests for production, and that these requests for production are "annoying, oppressive, duplicative and impose undue burdens and expenses on Defendants." [*Doc. 176* at 14]. In reply, Plaintiffs state that, while Defendants have produced some responsive documents regarding these operations, because Defendants continue to object to the requests, Plaintiffs must ensure that all responsive documents have been produced. [*Doc. 210* at 12]. The Court finds that Defendants' objections to these discovery requests should be overruled because Defendants fail to state with any specificity how the requests are overly broad or unduly burdensome. Defendants' statement that they have already produced hundreds of pages of responsive documents does not satisfy its obligation to produce *all* responsive documents. Furthermore, Defendants do not cite to any responsive documents that have already been produced nor do they state that they have produced *all* documents responsive to these requests. Therefore, the Court will grant Plaintiffs' motions to compel as to these requests.

### 10.   RFP No. 22 (Doc. 163) and RFP No. 18 (Doc. 165)

These requests ask for all documents reflecting the identity of the persons and title held by such persons who have occupied the surface of the area of land at issue in this case since March 1, 1985. [*Doc. 163* at 8 and Exhibit A at 14] and [*Doc. 165* at 6 and Exhibit A at 13]. Defendants objected to these requests stating they are overly broad in terms of scope and periods of time and unduly burdensome, and that these documents are public record and equally available

to Plaintiffs.  [*Doc. 163*, Exhibit A at 15] and [*Doc. 165*, Exhibit A at 13].  Defendants then referred Plaintiffs to certain documents, stating that they do not waive their objections.  *Id.*  In their motions to compel, Plaintiffs state that the documents referenced by Defendants are the deeds to Norman and Loretta Gilbreath and from Norman and Loretta Gilbreath to Stephan and Kathy Belcher.  [*Doc. 163* at 8] and [*Doc. 165* at 6].  Plaintiffs contend that, because Defendants are counterclaiming for adverse possession of Plaintiffs' minerals by claiming occupation of both the surface and minerals, thereby putting their occupation of the lands overlying the minerals at issue in this suit, the information requested is relevant, and the fact that responsive documents may be a matter of public record is not a basis for withholding production.  *Id.*  Plaintiffs ask the Court to order Defendants to produce all responsive documents.  *Id.*  In response to Plaintiffs' motions to compel, Defendants state that they have produced hundreds of responsive documents, that Plaintiffs have obtained title reports and documents relating to title to this property, and that Plaintiffs have access to all documents responsive to this request.  [*Doc. 176* at 15].  Defendants contend that Plaintiffs are in as good a position as Defendants to secure these records from San Juan County, New Mexico.  *Id.*  In reply, Plaintiffs restate the contentions made in their motions to compel.  [*Doc. 210* at 11-12].  The Court finds that Defendants objections should be overruled.  First, Defendants do not state with any specificity why the requests are overly broad or unduly burdensome.  Second, while Plaintiffs could search for public records that are responsive to these requests, that does not satisfy Defendants' obligation to produce all documents that are in *Defendants' possession, custody or control* that are responsive to the requests, as required under Fed. R. Civ. P. 34.  Therefore, the Court will grant Plaintiffs' motion to compel as to this request.

*11.  Defendants' Attorneys' Billings*

Finally, Plaintiffs state that they are seeking Defendants' attorneys' billings because Defendants have stated that they intend to seek attorney's fees from Plaintiffs in this case. [*Doc 163* at 8] and [*Doc. 165* at 7].  Plaintiffs state that Defendants have failed to produce this information in the exhibits they intend to introduce at trial which were requested by Plaintiffs in Interrogatory No. 4 and RFP No. 1.  [*Doc. 163* at 9] and [*Doc. 165* at 7].  Defendants did not address this request in their response to the motions to compel, and Plaintiffs state in their reply brief that this matter can be addressed in a post-judgment Fed. R. Civ. P. 54(d)(2) proceeding as necessary.  [*Doc. 210* at 13].  As it appears that Plaintiffs agree that this issue can be addressed in a later proceeding, if necessary, the Court finds that Plaintiffs motions to compel should be denied without prejudice as to this request, with leave to re-file if necessary.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that *Plaintiffs' Motion to Compel Discovery Responses Against Defendant Gilbreath Energy, LLC (Doc. 163)* and *Plaintiffs' Motion to Compel Discovery Responses Against Defendant Loretta E. Gilbreath, Personal Representative of the Estate of Norman L[.] Gilbreath and Loretta E. Gilbreath (Doc. 165)* are each **GRANTED in part** and **DENIED in part**, and Defendants shall supplement their responses to Plaintiffs' discovery requests, as set forth above, **no later than fifteen (15) days after the entry of this Order**.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**