# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**FRANK A. KING and PAULA S. ELMORE**
**f/k/a PAULA S. KING,**

      **Plaintiffs,**

**v.**                                              **No. CIV-13-0862 JCH/LAM**

**LORETTA E. GILBREATH, PERSONAL**
**REPRESENTATIVE OF THE ESTATE**
**OF NORMAN L. GILBREATH, et al.,**

      **Defendants.**

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS TO STRIKE AND/OR COMPEL [*Doc. 167*]

**THIS MATTER** is before the Court on *Plaintiffs' Motion to Strike and/or to Compel Against Gilbreath Defendants for Violation of Fed. R. Civ. P. 30(e) (Doc. 167)*, filed October 24, 2014. Defendants Loretta E. Gilbreath, Personal Representative of the Estate of Norman L. Gilbreath, Loretta E. Gilbreath, and Gilbreath Energy LLC (hereinafter "Defendants") filed a response to the motion on November 7, 2014 [*Doc. 178*], and Plaintiffs filed a reply on November 21, 2014 [*Doc. 214*]. On February 13, 2015, Defendants filed a supplement (*Doc. 267*) to their response pursuant to the Court's order granting their motion to supplement (*Doc. 266*). Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion shall be **GRANTED in part** and **DENIED in part**.

In their motion, Plaintiffs state that Defendant Loretta Gilbreath testified in her August 12, 2014 deposition that suspense monies from the wells at issue in this case were transferred from the suspense account maintained for these wells and were utilized to fund the Norman L. Gilbreath and Loretta E. Gilbreath Trust as identified in Norman Gilbreath's Will.

*See* [*Doc. 167* at 1-2] and [*Doc. 167-1*, Exhibit A at 2].   On August 25, 2014, the transcript for the deposition was sent by the court reporter to all counsel, including Ms. Gilbreath's counsel, for review.   *See* [*Doc. 167* at 2].   On October 4, 2014, Ms. Gilbreath's counsel untimely submitted signature and correction pages to the court reporter, changing Ms. Gilbreath's testimony regarding the funding of the Trust with monies from the suspense accounts.   *See* [*Doc. 167* at 3] and [*Doc. 167-1*, Exhibit C].   The revised testimony changes Ms. Gilbreath's answers to questions about the funding of the Trust from "Yes" answers to "No" answers, and states that her answer that she was the Trustee was incorrect and that Kathy Belcher is the Trustee.   *Id.*   Plaintiffs state that, on the basis of Ms. Gilbreath's original deposition testimony, they have propounded discovery requests to Defendants, which are currently the subject of a motion to compel, and that they have moved to amend their pleadings to add a fraudulent transfer cause of action and to join the Gilbreath Trust as a defendant.   [*Doc. 167* at 4].   Plaintiffs contend that Defendants' attempt to change Ms. Gilbreath's testimony is improper because it is untimely under Fed. R. Civ. P. 30(e) and because the changes are substantive.   *Id.*   Plaintiffs also contend that the changes are improper because they are either unintelligible or incomplete, and that they are prejudicial because Defendants refuse to provide discovery related to Ms. Gilbreath's original testimony.   *Id.* at 5. Therefore, Plaintiffs ask the Court to strike the changes made by Ms. Gilbreath to her deposition testimony, or, in the alternative, to reopen the deposition of Ms. Gilbreath.   *Id.* at 6.   Plaintiffs contend that, if Ms. Gilbreath's deposition is reopened, it should take place in Albuquerque, New Mexico, or that Defendants should be ordered to reimburse Plaintiffs for their counsel's time and expenses in traveling to Farmington, New Mexico, which is where Ms. Gilbreath was originally deposed.   *Id.*   In addition, because one of the proposed changes to Ms. Gilbreath's testimony is that Kathy Belcher is the Trustee of the Trust, not Ms. Gilbreath, Plaintiffs further ask for the

2

deposition of Ms. Belcher to be reopened, as well, if Ms. Gilbreath's deposition is reopened so that Ms. Belcher can be asked about her service as Trustee and about transfers to and from the Trust and its funding.   *Id*.

In response, Defendants state that the deposition questions at issue were asked of Ms. Gilbreath at the end of her deposition when she was getting tired and that the questions confused her.   [*Doc. 178* at 3].   Defendants state that, when Ms. Gilbreath "had time to read her deposition and confer with her daughter, Kathy Belcher, she realized that her testimony was not accurate," and she submitted the changes to the deposition transcript.   *Id*.   Defendants state that Ms. Gilbreath has had multiple health-related problems and underwent surgical procedures on August 20, 2014, which interfered with her ability to review the deposition transcript within the 30-day time frame.   *Id*. at 4.   To resolve the dispute, Defendants agree to reopen Ms. Gilbreath's deposition for additional questions in this area, but state that they have not provided any dates for another deposition to Plaintiffs because they are consulting with Ms. Gilbreath's physician regarding her ability to sit for another deposition.   *Id*. at 4-5.   Defendants further state that they intend to interplead suspense funds into the court registry, which should settle this issue.   *Id*. at 5. Defendants ask the Court to allow Ms. Gilbreath's deposition to be reconvened to allow limited questioning about the corrections to her original deposition about the suspense funds.   *Id*. at 7. Finally, Defendants state that Kathy Belcher was deposed the day after Loretta Gilbreath was deposed, but they do not object to having her deposition reopened.   *Id*. at 4.

In reply, Plaintiffs state that they continue to pursue this motion because Defendants have not provided a doctor's approval of Ms. Gilbreath appearing for a second deposition.   [*Doc. 214* at 5].   Plaintiffs further state that they do not agree with Defendants that the scope of a second deposition should be limited to the same questions that were previously asked and, instead,

contend that the scope of the deposition should include questions about whether the suspended funds were transferred, when and how the Trust was set up and funded, and from what source.   *Id.* at 5-6.   Plaintiffs again contend that Ms. Belcher's deposition should also be reconvened to be asked about the transfer of suspense monies and the funding of the Trust.   *Id.* at 6.

The Court agrees with Plaintiffs that Ms. Gilbreath's changes to her deposition testimony should be stricken because: (1) the changes are untimely under Fed. R. Civ. P. 30(e); (2) the changes are substantive (*see Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002) ("We do not condone counsel's allowing for material changes to deposition testimony and certainly do not approve of the use of such altered testimony that is controverted by the original testimony."); and (3) Ms. Gilbreath's counsel does not explain why her incorrect testimony was not addressed during the deposition, such as by cross-examining her.   However, because the parties have agreed to a second deposition of Ms. Gilbreath in lieu of striking the submitted changes to her deposition testimony, the Court finds that this motion should be granted in part to allow such a deposition.   On November 19, 2014, Plaintiffs received approval from Ms. Gilbreath's physician for a second deposition.   *See* [*Doc. 267*] (stating that Ms. Gilbreath can sit for a deposition as long as it is for no longer than 30 minutes at a time and that she is given liberal breaks).   Therefore, the Court finds that the parties' agreement to reconvene Ms. Gilbreath's deposition is reasonable given the substantive changes she has made to her deposition testimony.   The reconvened deposition shall be limited to questions regarding the transfer of the suspense funds and the creation and funding of the Trust, including the source(s) of funding. However, the deposition shall not be limited only to questions already asked of Ms. Gilbreath in her original deposition, since Ms. Gilbreath's changes to her deposition testimony raised the issue of how the Trust has been funded if it was not from the suspense funds.   The Court, therefore, will

allow additional questions reasonably related to the funding of the Trust.   In addition, Plaintiffs did not have the chance to question Ms. Belcher about her role as Trustee because Ms. Gilbreath originally testified that Ms. Gilbreath was the Trustee, and then later named Ms. Belcher as the Trustee after Plaintiffs had already taken Ms. Belcher's deposition.   Therefore, the Court further finds that Ms. Belcher should also be ordered to appear for a second deposition to answer questions about her role as Trustee, the transfer of the suspense monies, and the funding of the Trust.

IT IS THEREFORE ORDERED, for the reasons stated above, that *Plaintiffs' Motion to Strike and/or to Compel Against Gilbreath Defendants for Violation of Fed. R. Civ. P. 30(e) (Doc. 167)* is **GRANTED in part** and **DENIED in part**.

IT IS FURTHER ORDERED that Ms. Gilbreath and Ms. Belcher shall appear for second depositions, limited to questions regarding the transfer of the suspense monies, the creation and funding of the Trust, including the source(s) of the funding, and Ms. Belcher's role as Trustee. Ms. Gilbreath's deposition shall comply with the parameters set forth by her doctor in Document 267 with Ms. Gilbreath sitting for no more than thirty (30) minutes at a time and taking 10-minute breaks in between the questioning intervals.   The reconvened depositions shall last no more than two (2) hours each.   The reconvened depositions shall either take place in: (1) Albuquerque, New Mexico, with each party to bear their own expenses; or (2) in Farmington, New Mexico, and Defendants shall reimburse Plaintiffs' counsel for their time and reasonable expenses related to the reconvened depositions.   The depositions shall take place **no later than twenty (20) days after the entry of this Order**.   All further relief requested in Plaintiffs' motion is denied, **unless the depositions do not take place within twenty (20) days, in which case the**

changes to Ms. Gilbreath's deposition testimony shall be stricken for the reasons set forth above.

   IT IS SO ORDERED.


_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**