IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FRANK A. KING and PAULA S. ELMORE**
**f/k/a PAULA S. KING,**

      **Plaintiffs,**

v.                                                                    No. CIV-13-0862 JCH/LAM

**LORETTA E. GILBREATH, PERSONAL**
**REPRESENTATIVE OF THE ESTATE**
**OF NORMAN L. GILBREATH, et al.,**

      **Defendants.**

### ORDER GRANTING IN PART AND DENYING IN PART
### ENERGEN DEFENDANTS' MOTIONS TO COMPEL [*Docs. 168* and *169*]

      **THIS MATTER** is before the Court on *Energen Defendants' Motion to Compel No. 1: Discovery Responses From Gilbreath Defendants Regarding Monies Allegedly Due Plaintiffs (Doc. 168)* and *Energen Defendants' Motion to Compel No. 2: Discovery Responses From Gilbreath Defendants Regarding Minerals Management Services Materials (Doc. 169)*, both filed October 24, 2014. Defendants Gilbreath Energy LLC, Loretta E. Gilbreath, Personal Representative of the Estate of Norman L. Gilbreath, and Loretta E. Gilbreath (hereinafter "Gilbreath Defendants") filed a consolidated response to the two motions to compel on November 7, 2014 [*Doc. 181*], and Plaintiffs filed a consolidated reply on November 21, 2014 [*Doc. 212*]. In the interest of judicial economy, the Court will consider the two motions together in this order. Having considered the motions, response, reply, record of this case, and relevant law, the Court **FINDS** that *Energen Defendants' Motion to Compel No. 1: Discovery Responses From Gilbreath Defendants Regarding Monies Allegedly Due Plaintiffs (Doc. 168)* shall be **GRANTED in part** and **DENIED in part** and *Energen Defendants' Motion to Compel No. 2:*

*Discovery Responses From Gilbreath Defendants Regarding Minerals Management Services Materials (Doc. 169)* shall be **GRANTED**.

Plaintiffs are mineral interest owners claiming that the lease of their mineral interests has automatically terminated for nonproduction or nonpayment of royalties. *See* [*Doc. 168* at 3]. Plaintiffs' claims involve three wells, the Wright Well, operated by Gilbreath Defendants, and the Flora Vista Wells, operated by Energen Defendants. *Id.* In their amended complaint, Plaintiffs allege violations of the oil and gas lease, and Plaintiffs assert causes of action for declaratory relief, quiet title, an accounting, breach of the New Mexico Oil and Gas Act, trespass, conversion, breach of fiduciary duty, unjust enrichment, breach of the New Mexico Oil and Gas Proceeds Payment Act, and negligence. *See* Amended Complaint [*Doc. 75*]. Energen Defendants have asserted cross-claims against Gilbreath Defendants based on operating agreements for the Flora Vista Wells, including: breach of contract; declaratory and injunctive relief; contribution and indemnification for amounts paid by Energen Defendants to Plaintiffs; money due for Gilbreath Defendants' proportionate share of fees, costs and operating expenses incurred by Energen as the operator of the Flora Vista wells; negligence; and negligent misrepresentation. [*Doc. 168* at 4-5] and [*Doc. 82* at 15-20]. In their first motion to compel, Energen Defendants ask the Court to compel Gilbreath Defendants to respond fully to interrogatories and requests for production ("RFPs") regarding the funding of a trust created by Norman and Loretta Gilbreath, tax returns and other financial documents for Gilbreath Defendants, and other documents related to the Trust. [*Doc. 168* at 6-7]. In their second motion to compel, Energen Defendants seek communications with the Minerals Management Service or the Office of Natural Resources Revenues regarding audits and payments related to the Flora Vista Wells. [*Doc. 169* at 2].

### *1.  Interrogatory Nos. 6 and 8*

Interrogatory No. 6 asks for information regarding the transfer of assets to the Trust, and Interrogatory No. 8 asks for information regarding the distribution of proceeds from the wells to Gilbreath Defendants, including to the Trust and any other person related to or associated with Gilbreath Defendants.  [*Doc. 168* at 6] and [*Doc. 168-1*, Exhibit A at 4].  Gilbreath Defendants objected to the interrogatories by stating that they are overly broad and seek confidential private information that is not relevant to the claims and defenses in this case.  [*Doc. 168-1*, Exhibit A at 4].  In response to Interrogatory No. 8, Gilbreath Defendants also stated that no production proceeds have been distributed to the Estate or the Trust, and that the production proceeds have been distributed to Norman Gilbreath, Loretta Gilbreath, and Gilbreath Energy, LLC.  *Id.* at 5.  In response to Energen Defendants' motion to compel, Gilbreath Defendants state that the Trust is not a party Defendant in this case, so these requests do "not comply with the Federal Rules of Civil Procedure, e.g., issuance of a subpoena to the Trust."  [*Doc. 181* at 8 and 10].  Gilbreath Defendants also state that they have previously produced hundreds of pages of documents, including written accountings of production proceeds, and state that neither the Estate of Norman Gilbreath nor Defendant Loretta Gilbreath own any interests in the wells or oil and gas leases and that the assets held by the Estate of Norman Gilbreath will not include the wells or leases committed to the wells.  *Id.* at 9-11.  With regard to Interrogatory No. 8, Gilbreath Defendants state that they will be filing a motion to interplead the suspended funds.  *Id.* at 11.

Fed. R. Civ. P. 26(b)(1) permits the discovery of any non-privileged matter that is relevant to any party's claim or defense, and is at least reasonably calculated to lead to the discovery of admissible evidence.  The scope of discovery should be broadly and liberally construed.  *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  The Court finds that Gilbreath Defendants'

objections to these interrogatories should be overruled.  First, the Court finds that the requested information relating to the transfer of assets to the Trust and the distribution of the proceeds from the wells is relevant to Energen Defendants' cross-claims against Gilbreath Defendants based on operating agreements for the Flora Vista Wells and payments made to Plaintiffs.  *See* [*Doc. 82* at 15-20].  Second, the Court overrules Gilbreath Defendants' conclusory statement that the interrogatories are overly broad because it is not accompanied with specific reasons or evidence as to why they are overly broad.  *See Oleson v. K-mart Corp.*, 175 F.R.D. 570, 571 (D.Kan. 1997) ("The objecting party has the burden to substantiate its objections. . . . The objecting party must specifically show how each discovery request is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden") (citations omitted).  Next, Gilbreath Defendants' objection to the interrogatories because they ask for confidential financial information is without merit because the parties have entered into a confidentiality order in this case.  *See* [*Doc. 70*].  Gilbreath Defendants' unsupported assertion that the interrogatories do not comply with the Federal Rules of Civil Procedure is without merit because the interrogatories were served on named parties in this case, not to the Trust identified in the Will.  In addition, Gilbreath Defendants' statement that they have already produced hundreds of pages of responsive documents does not satisfy its obligation to produce *all* responsive documents.  Furthermore, Defendants do not cite to any responsive documents that have already been produced nor do they state that they have produced <u>all</u> documents responsive to these requests.  Finally, Gilbreath Defendants' statement that they may file a motion to interplead the suspended funds does not negate the relevance of the information sought in these interrogatories nor the requirement of complying with the Court's rules of disclosure in this lawsuit.  For these reasons, the Court will grant Energen Defendants' motion to compel as to these interrogatories.

### *2. Interrogatory No. 10*

This request asks Gilbreath Defendants to: "Identify any other person or entity, other than the Gilbreath Defendants and the Trust, with a legal or equitable interest in the Gilbreath Defendants' share of gas governed by the August 2004 JOA or the November 2004 JOA, or revenue received therefrom." [*Doc. 168* at 6-7] and [*Doc. 168-1*, Exhibit A at 5]. Gilbreath Defendants answered the interrogatory by stating: "Leasehold owners, i.e., royalty interest owners and overriding royalty interest owners and possibly the operators of the wells under the applicable JOAs." [*Doc. 168-1*, Exhibit A at 5]. Energen Defendants state that the interrogatory is asking for "information regarding mortgages or other instances in which the Gilbreath Defendants may have subjected their future production to an interest by a non-royalty owner third-party." [*Doc. 168* at 8]. They state that this request is relevant to the issue of the possible misallocation of funds that Plaintiffs claim they are owed in this case. *Id.* In response to the motion to compel, Gilbreath Defendants contend that this interrogatory asks for confidential accounting, financial, tax and personal information concerning third parties, is overly broad and irrelevant, and is "annoying, embarrassing, oppressive and imposes undue burdens, liabilities and expenses on Gilbreath Defendants, potentially from non-parties to the above-styled action." [*Doc. 181* at 11-12]. They further state that they have produced hundreds of pages of documents providing responsive information. *Id.* at 12.

The Court finds that Gilbreath Defendants' objections to this interrogatory have been waived because they were raised in their response to the motion to compel, not in response to the interrogatory. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."). Gilbreath Defendants present no good cause for their failure to raise these objections in response to the interrogatory and, thus, the

5

objections are waived. In addition, Gilbreath Defendants' objections are conclusory and fail to explain why it would be unduly burdensome to respond to the interrogatory, and the parties' confidentiality order addresses Gilbreath Defendants' objections on the grounds of confidentiality. For these reasons, the Court finds that Energen Defendants' motion to compel should be granted as to this interrogatory.

### 3.  *RFP Nos. 11, 12, 13, 14, and 15*

Request for Production Nos. 11, 12, 13, and 14 ask for all federal and state tax returns, including supporting accounting materials, for the Estate of Norman L. Gilbreath (RFP No. 11), the Trust (RFP No. 12), Norman L. Gilbreath and Loretta E. Gilbreath (RFP No. 13), and Gilbreath Energy, LLC (RFP No. 14). [*Doc. 168* at 6-7] and [*Doc. 168-1*, Exhibit A at 9-10]. Request for Production No. 15 asks for "All financial statements for Gilbreath Energy, LLC." [*Doc. 168* at 7] and [*Doc. 168-1*, Exhibit A at 11]. In response to these requests, Gilbreath Defendants objected stating that the information is not relevant and seeks confidential information. [*Doc. 168-1*, Exhibit A at 9-11]. In their motion to compel, Energen Defendants state that they "are entitled to discovery information relevant to all of Plaintiffs' claims, including the disposition of *all* of the proceeds claimed by Plaintiffs for failure to maintain the lease, for which Gilbreath Defendants assert that Energen Defendants are jointly liable." [*Doc. 168* at 9]. They further contend that they are entitled to discover information regarding the financial condition of Gilbreath Defendants because Plaintiffs have included a claim for punitive damages. *Id.* at 9-10.

In response to the motion to compel, with regard to RFP No. 11, Gilbreath Defendants contend that no federal or state tax returns or supporting materials have been prepared for Norman Gilbreath because he passed away on February 19, 2014. [*Doc. 181* at 12]. They state that the Will and the Estate of Norman Gilbreath are in probate court, and that neither the Estate of

Norman Gilbreath, nor Loretta Gilbreath, own any interests in the wells at issue or in the leases committed to such wells. *Id.* at 13. For RFP No. 12, Gilbreath Defendants contend that the Trust is not a party to this lawsuit, so the request does not comply with the Federal Rules of Civil Procedure. *Id.* With regard to RFP Nos. 12, 13, 14 and 15, Gilbreath Defendants state that the requests might be relevant if there was a final judgment determining that the lease was forfeited or canceled or there was a money judgment against the Gilbreath Defendants or the Trust for the benefit of Energen. *Id.* at 14-15. In reply, Energen Defendants contend that the requests seek information regarding the transfer of monies attributable to production from the wells at issue and the current location of those funds. [*Doc. 212* at 9].

The Court finds that the information requested in RFP Nos. 11-15 is relevant to the parties' claims and defenses because it appears reasonably calculated to lead to the discovery of admissible evidence regarding the payment and accounting of funds relating to production from the oil and gas wells at issue in this case. *See* Fed. R. Civ. P. 26(b)(1). This information is also relevant because Energen Defendants brought cross-claims for indemnification against Gilbreath Defendants for amounts the Court may order Energen Defendants to pay, because Plaintiffs are asking for punitive damages, and because Gilbreath Defendants are asserting defenses that Energen Defendants are jointly liable for all losses that Gilbreath Defendants may incur. However, as worded, the requests are overly broad because they are not limited to requesting information regarding Gilbreath Defendants current financial condition. *Compare with* [*Doc. 163*, Exhibit A at 13] (RFP No. 19 served by Plaintiffs on Gilbreath Defendants, asking for Gilbreath Defendants' *current* financial condition). Therefore, the Court finds that Energen Defendants' motion should be granted in part and denied in part, and Gilbreath Defendants shall be

ordered to respond to these requests but only with financial information from the past five (5) years.

### *4. RFP No. 17 (Doc. 169)*

This request asks for correspondence, communications, and related documents received from or sent to the Minerals Management Service or Office of Natural Resources Revenues regarding any audits or documents regarding financial issues relating to the Flora Vista wells. [*Doc. 169* at 2] and [*Doc. 168-1*, Exhibit A at 11].  Gilbreath Defendants objected to the request stating that it is overly broad, seeks irrelevant information, seeks information that was disclosed confidentially for the purposes of mediation only, and pertains to federal oil and gas leases when the lease subject to this case is a "fee oil and gas lease." [*Doc. 168-1*, Exhibit A at 11-12]. Energen Defendants state that Gilbreath Defendants intend to defend against Plaintiffs claims by asserting that they relied on lists that were created by Energen of those entitled to revenue payments, but Energen Defendants contend that Gilbreath Defendants misapplied the lists in calculating royalties on proceeds from the wells.  [*Doc. 169* at 3].  Energen Defendants explain that the information sought in RFP No. 17 is relevant as to whether Gilbreath Defendants have been properly paying other royalty owners, and the fact that the information is related to federal leases is of no consequence because Gilbreath Defendants pay royalty owners of federal leases as well as the fee lease at issue in this case.  *Id.*  Energen Defendants state that the discovery is related to the payment methodology used to pay Plaintiffs.  *Id.*  Energen Defendants further contend that the confidentiality agreement the parties entered into for the mediation pertained only to the disclosure of "evidence of anything said or any admissions made for the purpose of or in the course of mediation," and the information sought in RFP No. 17 was not disclosed in connection with the mediation.  *Id.* at 4.

In response to the motion to compel, Gilbreath Defendants state that this case involves a fee oil and gas lease, not a federal lease, so the information sought is not relevant. [*Doc. 181* at 16]. Gilbreath Defendants further state that the request is "overly broad, ambiguous, vague, not relevant and not material to any claims or defenses in this lawsuit and is annoying, oppressive, and imposes undue burdens and expenses on Gilbreath Defendants." *Id.* They state that the parties agreed at the mediation that all information exchanged or discussed there was private and confidential and would not be used in subsequent proceedings. *Id.* at 17.

The Court finds that Gilbreath Defendants' objections should be overruled. Gilbreath Defendants do not address Energen Defendants' explanation of how the information sought pertains to the payment methodology used to pay Plaintiffs. The Court finds that the information sought in RFP No. 17 appears reasonably calculated to lead to the discovery of admissible evidence regarding payments made by Gilbreath Defendants to Plaintiffs. *See* Fed. R. Civ. P. 26(b)(1). The Court finds that Gilbreath Defendants' contention that the information was disclosed confidentially during mediation is unavailing. Energen Defendants state that the confidentiality agreement the parties entered into for the mediation only addressed evidence of statements or admissions by the parties made during the mediation, and did not preclude the parties from seeing or using evidence that is otherwise admissible or subject to discovery outside of mediation. *See* [*Doc. 169* at 4].[1] For these reasons, the Court finds that Energen Defendants' motion to compel should be granted as to this request.

---

[1] While Energen Defendants state that the parties' mediation confidentiality agreement is attached to their second motion to compel as Exhibit A (*see Doc. 169* at 3), no exhibit was attached to the motion. Nevertheless, Gilbreath Defendants do not dispute Energen Defendants' description of the content of the agreement, nor do they attach a copy of it to their response, so the Court will rely on the portions of the agreement set forth in Energen Defendants' motion to compel.

### 5. *RFP Nos. 19 and 20*

These requests seek all documents and communications related to the creation of the Trust and all documents reflecting distributions or payments of any kind from the Trust. [*Doc. 168* at 7] and [*Doc. 168-1*, Exhibit A at 12]. Gilbreath Defendants objected stating that the requests are overly broad and seek confidential information that is not relevant to the claims and defenses in this case. *Id.* In response to the motion to compel, Gilbreath Defendants state that the Trust is not a party to this lawsuit, so the requests do not comply with the Federal Rules of Civil Procedure, and restate their other objections. [*Doc. 181* at 17-18]. The Court finds that these objections should be overruled for the same reasons already stated *supra*. Gilbreath Defendants' contention that the requests do not comply with the Federal Rules of Civil Procedure is without merit because the requests were served on a named party in this case, not on the Trust. Rule 34(a)(1) provides for the production of documents and information within the responding party's possession, custody, or control, and Gilbreath Defendants do not contend that these documents are not within their possession, custody or control. Moreover, documents relating to the creation of and payments from the Trust are relevant to the parties' claims and defenses regarding the accounting of the monies relating to the wells and oil and gas lease at issue in this case. Finally, Gilbreath Defendants' objections that the requests are overly broad and seek confidential financial information fail to state how they are overly broad or how the confidentiality order in this case would not protect the information that is being sought. The Court, therefore, will grant Energen Defendants' motion to compel as to these requests.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that *Energen Defendants' Motion to Compel No. 1: Discovery Responses From Gilbreath Defendants Regarding Monies Allegedly Due Plaintiffs (Doc. 168)* shall be **GRANTED in part** and

**DENIED in part**; and *Energen Defendants' Motion to Compel No. 2: Discovery Responses From Gilbreath Defendants Regarding Minerals Management Services Materials (Doc. 169)* shall be **GRANTED**. Gilbreath Defendants shall supplement their responses to Energen Defendants' discovery requests, as set forth above, **no later than fifteen (15) days after the entry of this Order**.

    **IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**