IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FRANK A. KING and PAULA S. ELMORE**
**f/k/a PAULA S. KING,**

    **Plaintiffs,**

v.                                                      No. CIV-13-0862 JCH/LAM

**LORETTA E. GILBREATH, PERSONAL**
**REPRESENTATIVE OF THE ESTATE**
**OF NORMAN L. GILBREATH, et al.,**

    **Defendants.**

# ORDER GRANTING MOTION TO COMPEL [*Doc. 290*]

**THIS MATTER** is before the Court on *Loretta E. Gilbreath, Personal Representative of the Estate of Norman L. Gilbreath's Motion to Compel (Doc. 290)* and memorandum in support [*Doc. 291*] (hereinafter, collectively, "motion"), both filed July 21, 2015. Plaintiffs filed a response to the motion on July 31, 2015 [*Doc. 292*], and Defendant Gilbreath filed a reply on August 11, 2015 [*Doc. 294*]. Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion shall be **GRANTED**.

Plaintiffs are mineral interest owners claiming that the lease of their mineral interests has automatically terminated for nonproduction or nonpayment of royalties, and they assert causes of action for declaratory relief, quiet title, an accounting, breach of the New Mexico Oil and Gas Act, trespass, conversion, breach of fiduciary duty, unjust enrichment, breach of the New Mexico Oil and Gas Proceeds Payment Act, and negligence. *See* Second Amended Complaint [*Doc. 279*]. Pursuant to the Court's order granting their motion to file a second amended complaint, Plaintiffs filed a second amended complaint adding, *inter alia*, two new claims: (1) Fraud, and (2) Violation of the New Mexico Uniform Fraudulent Transfer Act. *See* [*Doc. 278* at 6 and 15] and [*Doc. 279*

at 13-16]. In their motion to compel, Defendant Gilbreath asks the Court to compel Plaintiffs to respond fully to Interrogatory Nos. 11-17 and Request for Production ("RFP") Nos. 11-16, which correspond to Plaintiffs new claims. *See* [*Doc. 290* at 3], [*Doc. 290-2*] and [*Doc. 291* at 2 and 6-13]. Defendant Gilbreath also asks the Court to award her reasonable attorney's fees and costs incurred in making this motion. *See* [*Doc. 290* at 3] and [*Doc. 291* at 13].

### *A. Plaintiffs' General Objections*

In response to Defendant Gilbreath's discovery requests, Plaintiffs set forth "General Objections" stating that they object to the discovery requests to the extent that they seek disclosure of privileged information; are overbroad, unduly burdensome, and seek irrelevant information; seek documents in native format, including the documents' metadata; seek disclosure of confidential or proprietary information, or protected trade secrets; and contradict the duties imposed by the Federal Rules of Civil Procedure or local rules of this Court. *See* [*Doc. 290-2* at 2]. Plaintiffs refer to these general objections in response to each interrogatory at issue in this motion to compel, stating that their responses are made "[s]ubject to and without waiving the [general] objections." *Id.* at 3 and 8-11. It appears that Plaintiffs also invoked the general objections in their responses to each RFP at issue, because Plaintiffs' responses to the RFPs refer to documents identified in their responses to the interrogatories, which were made subject to the general objections. *See id.* at 11-12.

In her motion to compel, Defendant Gilbreath contends that Plaintiffs' general blanket objections are improper because they do not contain specific grounds for objecting to each interrogatory and RFP. [*Doc. 291* at 5]. However, Plaintiffs did not address this contention in their response to the motion to compel. The Federal Rules of Civil Procedure require that the grounds for objecting to an interrogatory or request for production be particularized to that request.

2

*See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity.") and Fed. R. Civ. P. 34(b)(2)(C) ("An objection to part of a request must specify the part and permit inspection of the rest."). Plaintiffs' reference to their general objections in response to each of the interrogatories is improper because it fails to set forth the specific grounds on which they are objecting. With regard to Plaintiffs' responses to the RFPs, Plaintiffs fail to specify which part of the request they are objecting to, which does not comply with Rule 34(b)(2)(C). *See* [*Doc. 290-2* at 11-12]. In addition, each RFP response refers to documents Plaintiffs identified in response to the interrogatories and, since Plaintiffs invoked their general objections in each of their interrogatory responses, the Court finds that Plaintiffs' responses to the RFPs are inadequate because Plaintiffs fail to specify which objections they are invoking. *See Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 303 (D. Kan. 1996) (noting that the "[u]se of general, reserved objections is disfavored," and explaining that Rule 33's requirement that all grounds for an objection must be stated with specificity applies to Rule 34 as well). Therefore, the Court grants Defendant Gilbreath's motion as to her contention that Plaintiffs' general objections are improper, and finds that Plaintiffs' general objections have been waived because they were not properly raised in response to the discovery requests. Plaintiffs shall provide supplemental responses to each interrogatory and RFP providing any information or documents that were withheld on the basis of Plaintiffs' general objections.

### B.   *Discovery Requests Relating to Fraud Claim*

Next, Defendant Gilbreath objects to Plaintiffs' responses to their discovery requests regarding Plaintiffs' claim for fraud (Count Eleven), which are Interrogatory Nos. 11-14 and RFP Nos. 11-13. [*Doc. 291* at 6-9].

### *1. Interrogatory No. 11*

Interrogatory No. 11 asks Plaintiffs to provide each statement and/or representation of fact which any of the Gilbreaths made to Plaintiffs, including details of the statement, and the name, address, telephone number, and e-mail address of any witnesses to such statements. [*Doc. 290-2* at 2]. If any of the statements were made in writing, Plaintiffs are asked to identify each document and provide information regarding the author, recipient, and person who maintains copies of the documents. *Id.* at 2-3. Plaintiffs responded with a five-page narrative supporting the allegations from their complaint relating to their claim for fraud, and referred to documents relating to those allegations. *See id.* at 3-7. While Plaintiffs' response mentions communications the Gilbreaths had with the Oil Conservation Division and Defendant Energen (*see id.* at 3), their response fails to provide any information about communications that were made by the Gilbreaths to Plaintiffs, which Defendant Gilbreath contends is non-responsive to the interrogatory (*see Doc. 291* at 7). Furthermore, although Plaintiffs' response identifies "[w]itnesses to such statements," Plaintiffs do not identify which communications were witnessed by which person or when, as requested by Interrogatory No. 11.

In response to the motion to compel, Plaintiffs state that their response to this interrogatory "include[s] a detailed narrative of each representation of failure to disclose material fact made by the Gilbreaths, when such representation or failure to disclose occurred, and who made such representation or failed to disclose material information," and that they referred to documents relating to such representations and/or failures to disclose. [*Doc. 292* at 3]. Plaintiffs contend that the Gilbreaths' statements to other parties affected Plaintiffs, and Plaintiffs "are therefore entitled to complain of such representations as if they were representations made directly to them, under the law." *Id.* at 4. Plaintiffs further contend that their fraud action is maintainable based

4

on the Gilbreath Defendants' failure to disclose to Plaintiffs and/or concealment of material facts from Plaintiffs, and that these failures were described in their response to Interrogatory No. 11. *Id.* at 4-5. Thus, Plaintiffs contend that they have fully and completely answered this interrogatory because "Plaintiffs have detailed the facts, witnesses and documents concerning the representations made by the Gilbreaths which underlie their fraud claim." *Id.* at 5.

In reply to her motion to compel, Defendant Gilbreath contends that Plaintiffs failed to respond to Interrogatory No. 11 because they were not asked for information concerning representations made by the Gilbreaths which underlie their fraud claim, but, instead, were specifically asked for statements and representations of fact made by the Gilbreaths <u>to Plaintiffs</u>. *See* [*Doc. 294* at 2-3]. The Court agrees that Plaintiffs' response to Interrogatory No. 11 is non-responsive because Plaintiffs were not asked to provide information that underlies their fraud claim. Instead, Plaintiffs were asked to provide information regarding any communications made by the Gilbreaths to Plaintiffs, and they failed to answer this question. The Court, therefore, will grant Defendant Gilbreath's motion as to this interrogatory, and Plaintiffs shall provide a supplemental answer that is responsive to the question. If Plaintiffs' response is that the Gilbreaths did not make any statements or representations of fact to Plaintiffs, then they need to state this in their supplemental response.

### 2. *Interrogatory Nos. 12 and 13*

Interrogatory No. 12 asks Plaintiffs to describe each material misrepresentation of fact which they claim any of the Gilbreaths made to Plaintiffs, and to provide information and documents regarding each of these misrepresentations. [*Doc. 290-2* at 8]. Interrogatory No. 13 asks Plaintiffs to describe all actions, conduct, or other activities they took as a result of any material misrepresentation made to Plaintiffs by any of the Gilbreaths. *Id.* Plaintiffs' response

5

to each of these interrogatories is: "See Response to Interrogatory No. 11." *Id.* For the same reasons the Court found Plaintiffs' response to Interrogatory No. 11 to be inadequate, the Court finds that Plaintiffs' reference to that response does not satisfactorily answer Interrogatory Nos. 12 or 13. Again, Plaintiffs were not asked for which statements or facts underlie their claim for fraud but, instead, were asked for misrepresentations made by the Gilbreaths to Plaintiffs, and for actions Plaintiffs took as a result of these specific misrepresentations. The Court will also grant Defendant Gilbreath's motion as to these interrogatories.

### 3. *Interrogatory No. 14*

Interrogatory No. 14 asks Plaintiffs to describe each representation or document which they believe shows intent by any of the Gilbreaths to deceive Plaintiffs, to explain in detail how Plaintiffs were deceived by each statement or representation, and the date, time and place Plaintiffs were deceived by each statement or representation. [*Doc. 290-2* at 8]. Plaintiffs objected on the basis that the interrogatory misstates the burden of proof for fraud, which Plaintiffs contend does not require intent to deceive, and then referred to their response to Interrogatory No. 11. *Id.* at 9. Defendant Gilbreath contends in her motion to compel that referring to a response to a different interrogatory "is improper, evasive and constitutes failure to respond." [*Doc. 291* at 9]. In Plaintiffs' response to the motion to compel, they state that no showing of intent to deceive is required for their fraud claim. [*Doc. 292* at 7]. In reply, Defendant Gilbreath contends that New Mexico's jury instructions set forth four elements that Plaintiffs must prove to prevail on a claim of fraud, one of which is that the representation was made with the intent to deceive and induce Plaintiffs to rely on the representation. [*Doc. 294* at 5]. A motion to compel is not the proper venue in which to make a ruling regarding the required elements for a party's claim. Moreover, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to

6

any party's claim or defense," and the "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court finds that the requested information in Interrogatory No. 14 may be relevant depending on what elements are required to show fraud, the Court will grant Gilbreath Defendant's motion as to this request and Plaintiffs shall provide a supplemental response to the interrogatory. While Plaintiffs' answer to this request may be embedded in their long response to Interrogatory No. 11, Plaintiffs' reference to that response is improper as they are required to provide separate answers to each interrogatory. *See* Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully under oath."). Defendant Gilbreath should not have to wade through a voluminous response to another interrogatory nor guess as to which portion or portions of it are responsive to the interrogatory in question.

### 4.   *RFP Nos. 11, 12, and 13*

RFP No. 11 asks for documents which Plaintiffs allege are a representation or statement of fact <u>made to Plaintiffs</u> by the Gilbreaths; RFP No. 12 asks for the same information but regarding <u>material misrepresentations</u>; and RFP No. 13 asks for all documents which Plaintiffs authored, sent, or had prepared on their behalf as a result of any material misrepresentations of fact <u>made to Plaintiffs</u> by the Gilbreaths. [*Doc. 290-2* at 11-12]. Plaintiffs responded to each of these requests by stating: "See those documents identified in response to Interrogatory No. 11." *Id.* at 12. For the same reasons the Court found Plaintiffs' response to Interrogatory No. 11 to be inadequate, the Court finds that Plaintiffs' reference to the documents identified in that response is not adequate to respond to RFP Nos. 11, 12 or 13. Again, Plaintiffs were not asked for documents supporting their claim for fraud but, instead, were asked for any documentation of representations

7

or misrepresentations made by the Gilbreaths <u>to Plaintiffs</u>, and for documents prepared as a result of those specific misrepresentations. Therefore, the Court will grant Defendant Gilbreath's motion as to these RFPs and will order Plaintiffs to provide documents, if any, that are responsive to the discovery requests.

### C.  *Discovery Requests Relating to Fraudulent Transfer Act Claim*

Defendant Gilbreath objects to Plaintiffs' responses to her discovery requests regarding Plaintiffs' claim for violations of the Uniform Fraudulent Transfer Act (Claim Twelve), which are Interrogatory Nos. 15-17 and RFP Nos. 14-16.   [*Doc. 291* at 10-13].

#### 1.  *Interrogatory No. 15*

Interrogatory No. 15 asks Plaintiffs for information on which Plaintiffs base their claim in paragraph 71 of their Second Amended Complaint, which alleges that Defendants "transferred funds attributable to the proceeds from the production of oil and gas wells." *See* [*Doc. 290-2* at 9] and [*Doc. 279* at 15]. The interrogatory asks for the date, amount and financial institution where Plaintiffs allege funds were transferred. *See* [*Doc. 290-2* at 9]. In response to the interrogatory, Plaintiffs stated that "Loretta Gilbreath testified that the Gilbreath Defendants transferred suspense monies attributable to the production from the Wright #1 Well and Flora Vista Wells to the Gilbreaths' Revocable Trust identified in Norman L. Gilbreath's Will;" that "Loretta Gilbreath and Kathy Belcher testified that they commingled operating funds with suspense monies, and did not separately maintain suspense monies;" and that the "Gilbreath Defendants' financial statements and tax returns reveal no acknowledgment of or accounting for suspense liability for proceeds owed to interest owners such as Plaintiffs." *Id.* at 9-10. Plaintiffs further note that there were discrepancies between Gilbreath Energy, LLC's financial statements and the amount of suspense liability in its internal suspense accounts, and include references to Bates numbered

documents showing these discrepancies. *Id.* at 10. Plaintiffs state that "[t]he Gilbreath Defendants did not purport to set up a separate bank account to hold suspense monies until late 2014, when they set up U.S. Eagle Federal Credit Union account #7582," and that "Gilbreath Energy, LLC also has not paid its federal MMS royalty obligations as they became due." *Id.* Plaintiffs state that these documents support their claims in Paragraph 71, and provide the names of witnesses and note that the witnesses' contact information has previously been disclosed. *Id.* at 10-11.

In her motion to compel, Defendant Gilbreath contends that this response is inadequate because Plaintiffs fail to identify the dates, amounts, or names of any financial institution where the alleged funds were transferred, and fail to identify documents showing any transfers of funds or assets. [*Doc. 291* at 11]. In response to the motion to compel, Plaintiffs state that in their response they "specify dates, transfer amounts, and Bates-numbered documents relating to the transfers and handling of proceeds from the subject wells by the Gilbreaths." [*Doc. 292* at 8]. In reply, Defendant Gilbreath states that Plaintiffs identify no date or amount, or the identity of any financial institution involved in the transfer of funds. [*Doc. 294* at 6]. The Court agrees with Defendant Gilbreath that Plaintiffs have failed to identify any date, amount, or financial institution where Plaintiffs allege funds were transferred, other than providing the bank and account number for a bank account that Plaintiffs set up to hold suspense monies in late 2014. Despite Plaintiffs' statement in their response to the motion to compel that they provided this information in their response to the interrogatory, the Court finds no such information in Plaintiffs' response. Instead, Plaintiffs provide information regarding the balances of Gilbreath Energy, LLC's accounts, but Plaintiffs fail to provide dates or amounts of transfers of funds. The Court, therefore, will grant Gilbreath Defendant's motion as to this request and order Plaintiffs to fully respond to

Interrogatory No. 15 by either providing the information requested, or stating in their response that they do not have such information.

### 2.   *Interrogatory Nos. 16 and 17*

Interrogatory Nos. 16 and 17 ask Plaintiffs to provide all facts and identify records, documents and witnesses that Plaintiffs claim support their allegations in paragraphs 72 and 73, respectively, of the Second Amended Complaint, which allege that the allegedly fraudulent transfers violate other sections of the Uniform Fraudulent Transfer Act.  *See* [*Doc. 290-2* at 11] and [*Doc. 279* at 15].   Plaintiffs responded to each interrogatory by referring to their response to Interrogatory No. 15.  *See* [*Doc. 290-2* at 11].   The Court finds that Plaintiffs' responses are inadequate because they fail to satisfy Plaintiffs' obligation to answer each interrogatory "separately and fully under oath," as required by Rule 33(b)(3).   In addition, the allegations in paragraphs 72 and 73 of the Second Amended Complaint involve the alleged fraudulent transfer of funds (*see Doc. 279* at 15), which the Court found *supra* were not identified in Plaintiffs' response to Interrogatory No. 15.   For these reasons, the Court will grant Defendant Gilbreath's motion as to these interrogatories and Plaintiffs shall fully respond to these interrogatories.

### 3.   *RFP Nos. 14, 15 and 16*

RFP Nos. 14, 15 and 16 ask for documents which Plaintiffs claim support their allegations made at paragraphs 71, 72, and 73, respectively, of their Second Amended Complaint. [*Doc. 290-2* at 12].   Plaintiffs responded to each of these requests by stating: "See those documents identified in response to Interrogatory No. 15."  *Id.*   For the same reasons the Court found Plaintiffs' response to Interrogatory No. 15 to be inadequate, the Court finds that Plaintiffs' reference to the documents identified in that response is not adequate to respond to RFP Nos. 14, 15 or 16.   Plaintiffs failed to explain how the documents identified in their response to

Interrogatory No. 15 shows any transfer of funds, which is part of the allegations set forth in paragraphs 71, 72, and 73.  *See* [*Doc. 279* at 15].  Therefore, the Court will grant Defendant Gilbreath's motion as to these RFPs and will order Plaintiffs to provide documents, if any, that are responsive to these discovery requests.

### C. Attorney's Fees

Regarding Defendant Gilbreath's request for attorney's fees and costs, pursuant to Fed. R. Civ. P. 37(a)(5)(A), if a motion to compel is granted, or if the requested discovery is provided after the motion is filed, the court must, after allowing the opposing party an opportunity to be heard, require the party or the party's attorney, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless: "(i) the movant filed the motion before attempting in good faith to obtain the . . . discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  Here, Plaintiffs had an opportunity to respond to Defendant Gilbreath's request for attorney's fees in their response to Defendant Gilbreath's motion, but did not do so.  Defendant Gilbreath attempted in good faith to obtain the discovery prior to filing the motion to compel (*see Doc. 290-1*), and the Court finds that Plaintiffs' inadequate responses to the discovery requests are not substantially justified for the reasons set forth above.  The Court further finds that there are no other circumstances which would make an award of expenses unjust.  The Court, therefore, will require Plaintiffs to pay Defendant Gilbreath's reasonable attorney's fees and costs incurred in making this motion.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that *Loretta E. Gilbreath, Personal Representative of the Estate of Norman L. Gilbreath's Motion to Compel (Doc. 290)* is

**GRANTED**, and Plaintiffs shall supplement their responses to Defendant Gilbreath's discovery requests, as set forth above, **no later than fifteen (15) days after the entry of this Order**.

**IT IS FURTHER ORDERED** that Defendant Gilbreath's counsel may submit documentation of reasonable attorney's fees and costs incurred in connection with this motion. Plaintiffs may respond to the amount of requested attorney's fees and costs **within fourteen (14) days of their submission**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**